Jason M. Ingber (SBN 318323)
Serach B. Shafa (SBN 358332)
**Ingber Law Group**
3580 Wilshire Blvd., Suite 1260
Los Angeles, California 90010
Tel: (213) 805-8373
E-mail: ji@jasoningber.com

Attorneys for Plaintiff
AARON YUROWITZ

# UNITED STATES DISCTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AARON YUROWITZ** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**PENNYMAC LOAN SERVICES, LLC, a Delaware Limited Liability Company,**<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

- 1 -
**COMPLAINT**

## I. NATURE OF THE ACTION

1. This is a class action lawsuit arising from Defendant PennyMac Loan Services, LLC's ("PennyMac") failure to provide adequate notice to borrowers of a material change in its property tax payment policy that adversely affected customers' federal income tax liabilities.

2. For years, PennyMac maintained a consistent practice of paying borrowers' property taxes from escrow accounts on or before December 31st of each calendar year, allowing borrowers to claim these payments as deductions on their federal income tax returns for that tax year.

3. In 2024, without adequate notice to borrowers, PennyMac unilaterally changed this longstanding policy and delayed property tax payments until January 2025, thereby eliminating borrowers' ability to deduct these payments on their 2024 tax returns and causing substantial financial harm.

4. Despite regularly inundating borrowers with promotional materials and marketing communications via email and other means, PennyMac failed to provide adequate notice of this material policy change that would significantly impact borrowers' tax liabilities.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act) as this is a class action in which the aggregate claims of all members of the proposed class exceed $5,000,000 and minimal diversity exists between the plaintiff class and defendant.

6. This Court has personal jurisdiction over PennyMac because PennyMac's principal place of business is located within this district, and PennyMac conducts substantial business activities in this district from which the claims arise.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because PennyMac resides in this district, as it is a limited liability company with its principal place of business in the Central District of California.

## III. PARTIES

8. Plaintiff Aaron Yurowitz is an individual who resides in Dallas, Texas. Mr. Yurowitz has been a borrower with PennyMac since approximately 2020, with PennyMac serving as his mortgage loan servicer and maintaining an escrow account for payment of property taxes.

9. Defendant PennyMac Loan Services, LLC is a Delaware Limited Liability Company with its principal place of business located in the Central District of California. PennyMac is engaged in the business of mortgage loan servicing and maintains escrow accounts on behalf of borrowers for the payment of property taxes and insurance.

## IV. FACTUAL ALLEGATIONS

### A. PennyMac's Historical Practice

11. Since at least 2020, PennyMac maintained a consistent practice of paying borrowers' property taxes from escrow accounts on or before December 31st of each calendar year.

12. This practice allowed borrowers to deduct property tax payments on their federal income tax returns for the year in which the payments were made.

13. Borrowers reasonably relied on this consistent practice when planning their tax obligations and expected deductions.

14. In 2024, PennyMac unilaterally changed its property tax payment policy without providing adequate notice to borrowers.

15. Under the new policy, PennyMac delayed property tax payments until January 2025, purportedly to "align with the tax due date of January 31st."

16. Upon information and belief, PennyMac's true motivation for this change was to retain borrowers' escrow funds for additional time periods to generate additional interest income for PennyMac's benefit.

17. PennyMac claims it sent notification letters to borrowers in October 2024 regarding this policy change and provided an opportunity to "opt out."

18. Many borrowers, including Plaintiffs, never received such notification letters.

19. The alleged notification was not provided through PennyMac's online message center or other reliable electronic means, despite PennyMac's regular use of such channels for other communications.

20. PennyMac regularly sends borrowers promotional materials, marketing communications, and other notices via email and through online accounts, demonstrating its ability to effectively communicate with borrowers when it chooses to do so.

21. The method and timing of the alleged notice was inadequate given the material nature of the policy change and its significant financial impact on borrowers.

22. Within the past few months, Plaintiff Aaron Yurowitz called PennyMac to complain about the inadequate notice regarding the property tax payment policy change. During this call, PennyMac representatives acknowledged to Mr. Yurowitz that for next year they will provide a larger notice period, thereby revealing that PennyMac recognizes the notice period for 2024 was egregiously short.

23. As a direct result of PennyMac's policy change and inadequate notice, Plaintiff Yurowitz's 2024 IRS Form 1098 showed $0 in real estate taxes paid for 2024.

24. This has caused Plaintiff Yurowitz to lose approximately $10,000 in federal income tax deductions that he would have otherwise been entitled to claim.

25. Plaintiff Yurowitz will be required to pay approximately $3,700 in additional federal income taxes as a direct result of PennyMac's conduct.

26. Upon information and belief, thousands of other PennyMac borrowers have been similarly affected by this policy change and inadequate notice.

## V. CLASS ACTION ALLEGATIONS

28. Plaintiffs bring this action individually and on behalf of a class of all persons similarly situated under Federal Rule of Civil Procedure 23.

29. The proposed class is defined as follows: "All persons in the United States who had mortgage loans serviced by PennyMac Loan Services, LLC with escrow accounts for property tax payments, whose property taxes were historically paid by PennyMac on or before December 31st but were instead paid in January 2025 due to PennyMac's policy change, and who did not receive adequate notice of such policy change."

30. Excluded from the class are: (a) PennyMac and its subsidiaries, affiliates, officers, directors, and employees; (b) governmental entities; and (c) the Court and its staff.

31. The class is so numerous that joinder of all members is impracticable. Upon information and belief, the class consists of thousands of borrowers across the United States.

32. There are questions of law and fact common to the class, including:
- Whether PennyMac adequately notified borrowers of the policy change
- Whether PennyMac breached its duties to borrowers by changing longstanding practices without adequate notice
- Whether PennyMac's conduct violated consumer protection laws
- The extent of damages suffered by class members

33. Plaintiffs' claims are typical of the class members' claims as they arise from the same course of conduct by PennyMac.

34. Plaintiffs will fairly and adequately protect the interests of the class members and have retained competent counsel experienced in class action litigation.

35. Questions of law and fact common to class members predominate over individual questions, and a class action is superior to other available methods for fair and efficient adjudication of this controversy.

## COUNT I: BREACH OF CONTRACT

36. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

37. Plaintiffs and class members entered into mortgage loan agreements with PennyMac that established the terms for escrow account management and property tax payments.

38. By maintaining a consistent practice of paying property taxes on or before December 31st for multiple years, PennyMac created reasonable expectations and modified the terms of the agreements through course of dealing and course of performance.

39. PennyMac breached these agreements by unilaterally changing its payment practices without adequate notice or consent from borrowers.

40. As a direct and proximate result of PennyMac's breach, Plaintiffs and class members have suffered damages in the form of increased tax liabilities.

## COUNT II: BREACH OF FIDUCIARY DUTY

41. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

42. As the servicer of borrowers' escrow accounts, PennyMac owed fiduciary duties to Plaintiffs and class members to manage escrow funds in borrowers' best interests.

43. PennyMac breached these fiduciary duties by changing its payment practices to benefit itself (through extended retention of funds) at the expense of borrowers' tax benefits.

44. PennyMac further breached its fiduciary duties by failing to provide adequate notice of material changes affecting borrowers' financial interests.

## COUNT III: NEGLIGENCE

45. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

46. PennyMac owed a duty of reasonable care to borrowers in managing escrow accounts and communicating material changes in policies.

47. PennyMac breached this duty by failing to provide adequate notice of the policy change through reliable means of communication.

48. PennyMac's negligence was the proximate cause of Plaintiffs' and class members' damages.

## COUNT IV: VIOLATION OF STATE CONSUMER PROTECTION LAWS

49. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

50. PennyMac's conduct constitutes unfair and deceptive practices in violation of applicable state consumer protection statutes.

51. PennyMac's failure to adequately disclose material policy changes while continuing to send promotional materials constitutes deceptive conduct.

52. Plaintiffs and class members have suffered ascertainable losses as a result of PennyMac's violations.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the proposed class, respectfully request that this Court:

A. Certify this action as a class action pursuant to Federal Rule of Civil Procedure 23;

B. Appoint Plaintiffs as class representatives and Plaintiffs' counsel as class counsel;

C. Enter judgment in favor of Plaintiffs and the class on all claims;

D. Award compensatory damages to Plaintiffs and class members for their increased tax liabilities and related damages;

E. Award punitive damages where permitted by law;

F. Award attorneys' fees and costs as permitted by law;

G. Award pre- and post-judgment interest;

H. Grant such other relief as this Court deems just and proper.

## VIII. JURY DEMAND

Plaintiffs and AARON YUROWITZ hereby demand a trial by jury on all issues and causes of action so triable in this matter, pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

Respectfully submitted,

Dated: September 3, 2025         INGBER LAW GROUP

*/s/ Jason M. Ingber*
Jason M. Ingber, Esq.
Attorney for Plaintiffs